Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| YOVANNA GONZÁLEZ TORRES Y OTROS<br><br>Recurrido<br>v.<br><br>FIRST HOSPITAL PANAMERICANO, INC.; Y OTROS<br><br>Peticionario | KLCE202400959 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Daños, Impericia Médica<br><br>Caso Núm.: SL2023CV00421 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 octubre de 2024.

Comparece ante nos First Hospital Panamericano, Inc. (FHP o Peticionaria), para que revoquemos la *Orden* emitida el 24 de julio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), en el cual, se determinó mantener la anotación en rebeldía de FHP; a pesar, de que no fue notificada de las mociones que antecedieron dicha *Orden.* No conforme, la Peticionaria solicitó reconsideración, pero fue declarada *No Ha Lugar* el 12 de agosto de 2024.[2]

Así, procedemos a **expedir y revocar** la *Orden* recurrida.

**-I-**

El **3 de diciembre de 2023**, la Sra. Yovanna González Torres, y otros, (señora González Torres o Recurrida) radicaron una *Demanda* en daños y perjuicios contra FHP y otros codemandados.[3]

---

[1] Notificada el 30 de julio de 2024. Apéndice de la *Petición de Certiorari*, pág. 211.
[2] Notificada el 16 de agosto de 2024. *Íd.*, págs. 229-230.
[3] Apéndice de la *Petición de Certiorari*, págs. 1-11.

Número Identificador
SEN2024 _____

Ese mismo día, la señora González Torres solicitó la expedición de los emplazamientos.[4] No obstante, el **8 de diciembre de 2023**, el TPI expidió los mismos.[5]

Así las cosas, el **2 de enero de 2024**, la codemandada San Jorge Children's Hospital, Inc., h/n/c/ San Jorge Children's and Women's Hospital, presentó una *Moción en Solicitud de Orden de Paralización por Quiebra*.[6]

El **8 de enero de 2024**, el TPI dictó una *Sentencia* en la que **ordenó la paralización de todos los procedimientos del caso de epígrafe**.[7]

Estando vigente la paralización, el **23 de enero de 2024** la señora González Torres presentó una *Moción Informando Diligenciamiento de Emplazamientos*. En lo pertinente, informó al TPI que **FHP** fue emplazada personalmente el **18 de diciembre de 2023**.[8]

A más de dos meses de la paralización, el **13 de marzo de 2024** la señora González Torres presentó ante el TPI una *Moción Solicitando Continuación de los Procedimientos*.[9] Esta moción no fue notificada a FHP.

En la misma fecha del **13 de marzo de 2024**, el TPI emitió una *Orden* en la que **dejó sin efecto la *Sentencia* del 8 de enero de 2024 y ordenó la continuación de los procedimientos**.[10] Esta Orden no fue notificada a FHP.

El **4 de julio de 2024**, la señora González Torres presentó una *Moción Solicitando Anotación de Rebeldía* contra FHP. Acompañó

---

[4] Apéndice de la *Petición de Certiorari*, págs. 12-47.
[5] *Íd.*, págs. 48-82.
[6] Apéndice de la *Petición de Certiorari*, págs. 84-89.
[7] Notificada el 10 de enero de 2024. Apéndice de la *Petición de Certiorari*, págs. 90-91.
[8] Apéndice de la *Petición de Certiorari*, págs. 92-142.
[9] *Íd.*, págs. 143-149.
[10] *Íd.*, pág. 150.

evidencia del diligenciamiento del emplazamiento.[11] Esta moción no fue notificada a FHP.

En respuesta, el **8 de julio de 2024** el TPI **anotó la rebeldía contra FHP**.[12]

No obstante, el **15 de julio de 2024** FHP presentó una *Moción Asumiendo Representación Legal, Solicitando Prórroga y Solicitando Para Que Se Deje Sin Efecto Anotación en Rebeldía*. En lo pertinente a la anotación en rebeldía, adujo que fue emplazada el 18 de diciembre de 2023 y tenía hasta el 17 de enero de 2024 para comparecer al pleito. Sin embargo, **la Orden del 13 de marzo de 2024 —que dejó sin efecto la paralización del caso de epígrafe por la presentación de la quiebra—** no le fue notificada por el TPI ni por la Recurrida. Añadió, que se enteró de la anotación en rebeldía gracias a un correo electrónico que el 15 de julio de 2024 le envió la representación legal de la señora González Torres (anejó a la moción dicho correo).[13]

El **24 de julio de 2024**, el TPI emitió una *Orden* en la que declaró No Ha Lugar la solicitud de relevo de anotación de rebeldía. Añadió, que: *"a partir del 13 de marzo de 2024, continuaba decursando el término para producir alegación responsiva"*.[14]

El **7 de agosto de 2024**, FHP presentó una *Moción de Reconsideración*. En resumen, argumentó que no fue notificada de **ningún escrito** presentado por la señora González Torres, ni de la Sentencia de paralización ni de la Orden continuación de los procesos, ni de orden alguna emitida por el TPI, lo cual surge del propio expediente judicial ante el tribunal *a quo*. Así, también presentó la *Contestación a la Demanda*.[15]

---

[11] Apéndice de la *Petición de Certiorari*, págs. 151-203.
[12] Apéndice de la *Petición de Certiorari*, pág. 204.
[13] *Íd.*, págs. 205-210.
[14] Notificada el 30 de julio de 2024. Apéndice de la *Petición de Certiorari*, pág. 211.
[15] Apéndice de la *Petición de Certiorari*, págs. 212-228.

El **12 de agosto de 2024**, el TPI declaró No Ha Lugar la moción de reconsideración.[16]

Inconforme, el **6 de septiembre de 2024** FHP acudió ante esta Curia e imputó la comisión de los siguientes errores:

> *EL TPI INCURRIÓ EN ERROR MANIFIESTO AL ORDENAR LA ANOTACIÓN DE REBELDÍA DE LA PETICIONARIA, A PESAR DE QUE NUNCA FUE EFECTIVAMENTE NOTIFICADA DE LOS ESCRITOS PRESENTADOS EN EL CASO, INCLUYENDO LA SOLICITUD DE ANOTACIÓN DE REBELDÍA DE LA PARTE DEMANDANTE-RECURRIDA Y LA DETERMINACIÓN JUDICIAL CONCEDIÉNDOLA.*

> *EL TPI INCURRIÓ EN ERROR MANIFIESTO AL NO RECONSIDERAR SU DETERMINACIÓN DE ANOTARLE LA REBELDÍA A LA PETICIONARIA A PESAR DE QUE EL DEBIDO PROCESO DE LEY DE FHP FUE VIOLENTADO Y NO MEDIÓ NOTIFICACIÓN EFECTIVA Y REAL DE LOS ESCRITOS Y DICTÁMENES JUDICIALES DEL CASO, EN CLARA VIOLACIÓN A LA REGLA 67 DE LAS DE PROCEDIMIENTO CIVIL.*

Ante la incomparecencia de la Recurrida, el **27 de septiembre de 2024** este Foro Apelativo emitió una *Resolución* informando que atenderá la petición de *certiorari* sin el beneficio de su oposición.

-II-

A.

Sabido es que el auto de *certiorari* es *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[17] En ese sentido, se entiende por discreción el *"poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[18]

Por su parte, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender y revisar mediante *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter*

---

[16] Notificada el 16 de agosto de 2024. Apéndice de la *Petición de Certiorari*, págs. 229-230.

[17] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[18] *García v. Asociación,* 165 DPR 311, 321 (2005).

*dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[19]

Bajo esa discrecionalidad, la Regla 40 del Reglamento de este Foro Apelativo establece los siguientes criterios:

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[20]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[21]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[22]

---

[19] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[20] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[21] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[22] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

**B.**

La sección 362(a) del Código de Quiebras Federal establece un mecanismo de paralización automática *(automatic stay)* que se activa con una petición de quiebra.[23] Esta paralización impide *"entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto contra el deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra"*.[24] Una vez presentada la petición de quiebra, la paralización automática surte efecto, extendiéndose hasta que se dicte la sentencia final.[25]

En específico, la citada sección 362(a) establece lo siguiente:

*(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of*

*(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*

*(2) the enforcement, **against the debtor or against property of the estate**, of a judgment obtained before the commencement of the case under this title;*

*(3) any act to obtain possession **of property of the estate or property from the estate** or to exercise control over property of the estate;*

*(4) any act to create, perfect, or enforce any lien **against property of the estate;***

*(5) any act to create, perfect, or enforce **against property of the debtor** any lien to the that such lien secures a claim that arose before the commencement of the case under this title;*

*(6) any act to collect, assess, or recover a claim **against the debtor** that arose before the commencement of the case under this title;*

*(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim **against the debtor;***

---

[23] 11 USC sec. 362(a).
[24] *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 387 (2020); 11 USC sec. 362(a)(1).
[25] *Id.,* pág. 387.

*[...]*[26]

Es decir, al someter la petición se paraliza automáticamente todo proceso judicial o extrajudicial de cobro de dinero en contra del deudor, incluyendo la ejecución de sentencias obtenidas previo al inicio del caso.[27]

En consecuencia, la paralización comprende cualquier procedimiento judicial, administrativo o de otra índole que se haya presentado o se haya podido presentar antes del comienzo de la petición de quiebra. También comprende la ejecución de una sentencia contra el deudor o contra la propiedad de éste decretada antes de la petición.[28] En fin, la consecuencia principal de una paralización automática es que el tribunal en el que se dilucida una reclamación contra el deudor que se somete al procedimiento de quiebra perderá jurisdicción sobre la causa de acción.[29]

## C.

La Regla 67.1 de Procedimiento Civil,[30] regula la notificación de toda orden del tribunal y de toda presentación de escrito radicada por las partes:

> *Toda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.*
> ***No será necesario notificar a las partes en rebeldía por falta de comparecencia**, **excepto** que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificará en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.*[31]

La aludida Regla 67.1 <u>obliga</u> tanto al tribunal como a las partes, a notificar toda <u>orden</u> o <u>escrito</u> respectivamente. Nótese, que una vez se anota la rebeldía a una parte <u>por falta de comparecencia</u> —es decir, aquella parte nunca compareció—, no hay la obligación

---

[26] 11 USC sec. 362(a). Énfasis nuestro.
[27] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 255 (2012).
[28] *Ibid.*
[29] *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 491 (2010).
[30] 32 LPRA Ap. V., R. 67.1.
[31] *Id.* Énfasis nuestro.

de notificarle la orden del tribunal o el escrito de la parte, excepto, cuando se trata de remedios nuevos o adicionales contra dicha parte rebelde.

Por su parte, la Regla 67.3 de Procedimiento Civil establece la obligación de la parte a certificar la notificación:

*Cuando una orden que, por su naturaleza deba ser notificada por una parte o por su abogado o abogada a cualquier otra persona, deberá presentarse ante el tribunal la constancia de haber diligenciado dicha orden, dentro del término fijado por el tribunal, mediante una certificación acreditativa del cumplimiento con todos los requisitos establecidos en la orden, sujeto a lo establecido en la Regla 9.[32]*

Es decir, las citadas Reglas 67.1 y 67.3, exigen como norma general que todo escrito presentado ante el tribunal tiene que notificarse a todas las demás partes. El cumplimiento del requisito de notificación es un corolario del debido proceso de ley e indispensable para tener un sistema de justificación ordenado. La obligación de notificar es de estricto cumplimiento. Su omisión debe acarrear sanciones económicas y constituye una violación a la Regla 9 de Procedimiento Civil,[33] si se certificó el hecho de la notificación y no se hizo. El propósito de la notificación es promover que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y así puedan expresarse sobre su desarrollo. Además, permite a la parte contraria anticipar sus propios pasos, respecto a los próximos eventos procesales. Finalmente, la notificación permite agilizar el trámite judicial.[34]

**D.**

La Regla 45 de Procedimiento Civil regula lo relativo a la anotación de rebeldía de una parte que no presenta alegación o no comparece al proceso a defenderse.[35] Al respecto, la Regla 45.1 de Procedimiento Civil dispone que:

*[c]uando una parte contra la cual se solicite una sentencia que*

---

[32] 32 LPRA Ap. V., R. 67.3.
[33] 32 LPRA Ap. V., R. 9.
[34] *Rosario Domínguez v. ELA*, 198 DPR 197, 214-215 (2017).
[35] Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 45; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

*concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.*

*El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).*

*Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).*

*La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*[36]

De lo anterior se desprende que la incomparecencia de una parte demandada conlleva que se den por admitidas las alegaciones de la demanda y no implica la paralización de los procedimientos.[37] Es decir, la citada regla:

*provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no presenta alegación o defensa alguna contra las alegaciones y el remedio solicitado.*[38]

Ahora bien, le corresponde a los tribunales de instancia ejercer su discreción al momento de anotar la rebeldía. A esos efectos, el Tribunal Supremo de Puerto Rico ha reseñado que:

*aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto. Por ejemplo, la Regla 34.3(b)(3) de Procedimiento Civil [...] dispone que el tribunal podrá dictar "todas aquellas ordenes que sean justas" entre ellas, sentencias en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.*[39]

Por otro lado, la Regla 45.3 de Procedimiento Civil establece que los tribunales pueden dejar sin efecto una anotación de rebeldía, siempre y cuando la parte a la cual se le anotó presente ***justa causa***.[40] A pesar de que esta regla debe interpretarse de forma liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación de rebeldía, la parte deberá presentar evidencia de

---

[36] Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1.
[37] *Rivera Figueroa v. Joe's European Shop, supra,* págs. 587-588; *Álamo v. Supermercado Grande Inc.,* 158 DPR 93, 101 (2002).
[38] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589.
[39] *Id.,* pág. 590.
[40] Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3. Énfasis nuestro.

aquellas circunstancias que —*a juicio del tribunal*— demuestran una causa justificada para la dilación. En específico, que: (1) cuenta con una buena defensa en sus méritos; (2) el grado de perjuicio que puede ocasionarse a las demás partes con relación al proceso es razonablemente mínimo, y (3) las circunstancias del caso no revelen un ánimo contumaz o temerario de su parte.[41]

Por último, en nuestro rol como Foro Apelativo es norma reiterada que no habremos de intervenir con el ejercicio de la discreción del tribunal de instancia, salvo en caso de un *"craso abuso de discreción o que el tribunal actu[ara] con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial."*[42] La función de un tribunal apelativo en la revisión de controversias como la que nos ocupa, requiere que se determine si la actuación del tribunal *a quo* constituyó un abuso de discreción en la conducción de los procedimientos ante sí.

**-III-**

A la luz de la normativa antes expuesta, procedemos a evaluar los errores señalados en el recurso ante nuestra consideración.

En resumen, FHP arguye que el TPI erró al ordenarle la anotación de rebeldía, a pesar de que nunca fue notificada de ninguno de los escritos presentados en el caso. Le asiste la razón.

Surge del expediente que FHP fue emplazada personalmente pero, **antes de expirar el término para comparecer al pleito**, el TPI paralizó ("automatic stay") los procedimientos a raíz de una petición de quiebra federal de una de las codemandadas. En otras palabras, el término para que FHP contestara la demanda o

---

[41] *Rivera Figueroa v. Joe's European Shop, supra*, pág. 593. Véanse, además, *Román Cruz v. Díaz Rifas,* 113 DPR 500, 507 (1982); *J.R.T. vs. Missy MFG. Corp.,* 99 DPR 805, 811 (1971).
[42] *Lluch v. España Service Sta.*, 117 D.P.R. 729, 745 (1986).

compareciera al pleito **quedó paralizado**. Luego, el foro primario ordenó la continuación de los procedimientos **sin notificar a FHP**. Tampoco la Recurrida notificó a la Peticionaria, a quien ya había emplazado personalmente. En pocas palabras, la Peticionaria desconocía de la reapertura del caso y de la reactivación del término para comparecer o contestar la demanda.

Nótese, que no estamos ante un caso en que la anotación de rebeldía haya sido el producto de la dejadez intencional que menoscaba la eficiente administración de la justicia. En cambio, surge del expediente que FHP tiene **justa causa** para su incomparecencia, pues nunca fue notificada de la solicitud de reapertura del caso ni de la Orden que reabrió el pleito. Tampoco fue notificada de la solicitud de anotación de rebeldía presentada por la Recurrida. Por lo tanto, es menester concluir que la incomparecencia del FHP estuvo justificada.

En fin, el TPI se equivocó al no conceder la moción en reconsideración de anotación de rebeldía a FHP, por lo que nuestra intervención en esta etapa evitará un perjuicio sustancial.

**-IV-**

Por los fundamentos antes expuestos, se **expide** el auto de *certiorari* y se **revoca** la *Orden* recurrida. En consecuencia, se deja sin efecto la anotación de rebeldía contra FHP y ordenamos al TPI a continuar con los procesos de acuerdo con lo aquí expresado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones